IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**ALENE HENRY,** *et al.***,**

    **Plaintiffs,**

vs.                                                       **CASE NO.: 1:06-CV-008-SPM**

**NATIONAL HOUSING PARTNERSHIP,** as
general partner of **KENNEDY HOMES
LIMITED PARTNERSHIP,** a Florida
partnership; **NHP MANAGEMENT, INC.,** a
foreign corporation; and **APARTMENT INVEST-
MENT AND MANAGEMENT COMPANY,** a
foreign corporation,

    **Defendants.**
_____/

**OMNIBUS[1] ORDER DISMISSING FIRST AMENDED COMPLAINTS AND
PERMITTING PLAINTIFFS TO FILE SECOND AMENDED COMPLAINTS**

    **THIS CAUSE** comes before the Court upon the motions to dismiss Count V of certain Plaintiffs' amended complaints.[2]  The motions to dismiss claim that

---

[1] This order applies to multiple plaintiffs in order to avoid docket congestion, and the Court has requested that all parties file omnibus pleadings and motions whenever possible (*see, e.g.*, docs. 152 and 172).  The case involves more than 80 named plaintiffs.

[2] The plaintiffs at issue are as follows (the docket number of their complaint is followed by the docket number of the motion to dismiss and the docket number of the motion to amend the complaint):  Alene Henry (48/128/157), Alverta Boston (59/146-2/164), Roberta Buggs (51/118/159), Betty Council (82/120/167), Gloria Davis (80/123/168), Abron Demps (74/147/166), Don-Carlos Demps (49/125/165), Betty Hall (52/126/158), Gail Jenkins (81/131/163), Sandra Johnson (47/133/162), Barbara Palmer (50/144/161), Tisie Robertson (61/135/155), Charles Strange (71/137/154), Carla Walker (64/139/156), Dorothy West (65/141/153), and Tracy Woods

Count V does not plead facts sufficient to state a claim for intentional infliction of emotional distress.[3]  While Plaintiffs disagree, they have moved for leave to file second amended complaints with additional facts.  The Court finds it appropriate to permit the amendments.  FED. R. CIV. P. 15(a).

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The motions to dismiss (docs. 118/120/123/125/126/128/131/133/135/137/139/141/142/144/146-2[4]/147) are hereby *granted*.

2. The motions to amend the complaints (docs. 153-168) are hereby *granted*.

3. The clerk shall file the second amended complaints, which are currently affixed to each motion to amend (doc. 153-168), as attachments to a notice of filing.  Each second amended complaint may be filed with its attachments as a single document.  Each

---

(62/142/160).

[3] Florida has adopted the standard set forth in the Second Restatement of Torts. Metropolitan Life Ins. Co. v. McCarson, 467 So. 2d 277 (Fla. 1985).

[4] Although all references to doc. 146 make mention of plaintiff Alverta Boston, doc. 146 itself is actually a duplicate of Barbara Palmer's complaint (doc. 144).  In order to preserve the links created by CM/ECF during filing, which all point back to doc. 146, the clerk has affixed Alverta Boston's complaint as an attachment to doc. 146.  CM/ECF has automatically numbered the Boston complaint as 146-2.

attached complaint shall clearly show the name of the corresponding plaintiff.

**DONE AND ORDERED** in chambers this <u>eighth</u> day of March, 2007.

       *s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge