IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ALENE HENRY, *et al.*,

    **Plaintiffs,**

vs.                                      CASE NO.: 1:06-CV-008-SPM

**NATIONAL HOUSING PARTNERSHIP**, as
general partner of **KENNEDY HOMES
LIMITED PARTNERSHIP**, a Florida
partnership; **NHP MANAGEMENT, INC.**, a
foreign corporation; and **APARTMENT INVEST-
MENT AND MANAGEMENT COMPANY**, a
foreign corporation,

    **Defendants.**

_____/

## OMNIBUS[1] ORDER DENYING MOTIONS TO STRIKE

**THIS CAUSE** comes before the Court upon the motions to strike certain portions of Plaintiffs' second amended complaints.[2] and the omnibus response in

---

[1] This order applies to multiple plaintiffs in order to avoid docket congestion, and the Court has requested that all parties file omnibus pleadings and motions whenever possible (*see, e.g.*, docs. 152 and 172).  The case involves more than 80 named plaintiffs.

[2] The plaintiffs at issue are as follows (the docket number of the corresponding motion to strike is noted in parentheses):  Alene Henry (225), Alverta Boston (255), Roberta Buggs (215), Betty Council (258), Gloria Davis (264), Abron Demps (252), Don-Carlos Demps (261), Anginella Donaldson (197), Keira Frisbey (218), Patrina and William Gandy (228), Betty Hall (234), Gail Jenkins (267), Sandra Johnson (270), Olivia Jones (206), Celia Lucas (276), Mary Moore (212), Miltonia Moore (199), Altamease Nobles (209), Barbara Palmer (282), Andrew Payne (231), Tisie Robertson (237), Charles Strange (273), Carla Walker (279), Brenda West (203), Dorothy West (243), and Tracy Woods (240).  Note that Olivia Jones was not mentioned in the footnote to doc.

opposition (doc. 285).  Defendants move to strike portions of the complaints under Federal Rule of Civil Procedure 12(f) as being "immaterial, impertinent, or scandalous."

This standard has been interpreted to mean that a motion to strike should be denied unless the challenged allegations in the complaint "have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."  Royal Ins. Co. of America v. M/Y Anastasia, 1997 WL 608722 at *3 (N.D. Fla. 1997)(*citing* Reyher v. Trans World Airlines, Inc., 881 F.Supp. 574, 576 (M.D.Fla.1995)).  As phrased by Wright and Miller, "[I]t must be shown that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party."  5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 (3d ed. 2004)(citations omitted).

Here, the allegations regarding problems in other tenants' apartments is relevant to show an alleged pattern of disregard for the tenants' repair needs after being put on notice that multiple apartments suffered similar problems (vermin infestation, sparking outlets, gas leaks, bursting water heaters).  Each

---

285, but a motion to strike was in fact filed on her behalf.

complainant is pursuing a suit only in his or her own name and is not, by mentioning another tenant's name in the complaint, attempting to lodge a claim on behalf of that other tenant.  No confusion or prejudice will be caused by the portions objected to by Defendants.  Accordingly, it is

**ORDERED AND ADJUDGED** that the motions to strike (docs. 197/200/ 203/206/209/212/215/218/225/228/231/234/237/240/243/252/255/258/261/264/ 267/270/273/276/279/282) are hereby *denied*.

**DONE AND ORDERED** in chambers this fourth day of April, 2007.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge