IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**ALENE HENRY,** *et al.***,**

    **Plaintiffs,**

vs.                                             CASE NO.: 1:06-CV-008-SPM

**NATIONAL HOUSING PARTNERSHIP,** as
general partner of **KENNEDY HOMES
LIMITED PARTNERSHIP,** a Florida
partnership; **NHP MANAGEMENT, INC.,** a
foreign corporation; and **APARTMENT INVEST-
MENT AND MANAGEMENT COMPANY,** a
foreign corporation,

    **Defendants.**
_____/

**OMNIBUS[1] ORDER DENYING MOTIONS TO DISMISS**

**THIS CAUSE** comes before the Court upon Defendants' motions to dismiss Plaintiffs'[2] charge of intentional infliction of emotional distress.[3] For the

---

[1] This order applies to multiple plaintiffs in order to avoid docket congestion, and the Court has requested that all parties file omnibus pleadings and motions whenever possible (*see, e.g.*, docs. 152 and 172). The case involves more than 80 named plaintiffs. It is important to note that the Court has reviewed each of the complaints and the motions separately and makes its decision based on the individual circumstances of each case.

[2] The plaintiffs at issue are as follows (the docket number of the corresponding motion to dismiss, followed by a 1 if the motion is directed to the first amended complaint and a 2 if directed to the second amended complaint, is noted in parentheses): Alene Henry (224/2), Alverta Boston (254/2), Roberta Buggs (214/2), Betty Council (257/2), Gloria Davis (263/2), Abron Demps (251/2), Don-Carlos Demps (260/2), Anginella Donaldson (196/1), Keira Frisbey (217/1), Patrina and William Gandy (227/1), Betty Hall (233/2), Gail Jenkins (266/2), Sandra Johnson (269/2),

reasons below, the Court finds the motions must be denied.

**LEGAL STANDARD:**

The most-cited standard by which a court should judge a motion to dismiss was originally set forth in Conley v. Gibson, 355 U.S. 41 (1957):

> [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Id. at 45-46.  The question is whether, "in the light most favorable to plaintiff, and with every doubt resolved in his behalf, the complaint states any valid claim for relief."  5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1990)(internal citations omitted).

The threshold standard to survive a motion to dismiss is an "exceedingly-low one."  Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 995 (11th Cir. 1983).  The result of this liberal pleading standard is that very few motions to dismiss are granted.  Id.

**ANALYSIS:**

The tort of intentional infliction of emotional distress was recognized by the

---

Olivia Jones (205/1), Celia Lucas (275/1), Mary Moore (211/1), Miltonia Moore (199/1), Altamease Nobles (208/1), Barbara Palmer (281/2), Andrew Payne (230/1), Tisie Robertson (236/2), Charles Strange (272/2), Carla Walker (278/2), Brenda West (202/1), Dorothy West (242/2), and Tracy Woods (239/2).  Note that Olivia Jones was not mentioned in the footnote to doc. 285, but a motion to strike was in fact filed on her behalf.

[3]  The claim itself is listed as Count IV in some complaints and Count V in others.

Florida Supreme Court in <u>Metropolitan Life Ins. Co. v. McCarson</u>, 467 So. 2d 277 (Fla. 1985), which adopted the definition found in the Second Restatement of Torts. The restatement defines the essence of the tort as intentionally or recklessly causing severe emotional distress to another through extreme and outrageous conduct. RESTATEMENT (SECOND) OF TORTS § 46 (1965). The rule is designed to apply

> where the actor desires to inflict severe emotional distress, and also where he knows that such distress is certain, or substantially certain, to result from his conduct. It applies also where he acts reckless, as that term is defined in § 500, in deliberate disregard of a high degree of probability that the emotional distress will follow.

RESTATEMENT (SECOND) OF TORTS § 46 cmt. i. The comments also highlight the formidable standard applied to such a claim:

> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

RESTATEMENT (SECOND) OF TORTS § 46 cmt. d.

There are a limited number of Florida cases dealing with facts similar to those in the instant case. Thus, the Court has also examined cases from other jurisdictions which have adopted the Second Restatement of Torts. In cases with conduct equally or less egregious than that alleged in the instant case, courts

have found an intentional infliction of emotional distress claim to be viable.  *See, e.g.,* Simon v. Solomon, 431 N.E.2d 556 (Mass. 1982)(sewage flooding apartment); Stoiber v. Honeychuck, 162 Cal. Rptr. 194 (Cal. 5th Dist. Ct. App. 1980)(sewage, defective wiring, deteriorated floors and ceilings, broken windows); 49 Prospect St. Tenants Ass'n v. Sheva Gardens, Inc., 547 A.2d 1134 (N.J. Super. 1988)(lack of heat and water, mailroom flooded with sewage, vermin infestation); Burnett v. Chimney Sweep, 20 Cal. Rptr. 3d 562 (Cal. 2d Dist. Ct. App. 2004)(excessive moisture and toxic mold).

Considering the low standard of a motion to dismiss, even with regard to the stringency of the Restatement's requirements for showing intentional infliction of emotional distress, the Court finds that dismissal of that claim is not appropriate in the cases under consideration.  While the particular facts differ in each of the 26 complaints at issue, they meet the Conley standard necessary to survive a motion to dismiss.  Accordingly, it is

**ORDERED AND ADJUDGED** that the motions to dismiss (docs. 196/199/ 202/205/208/211/214/217/224/227/230/233/236/239/242/251/254/257/260/263/ 266/269/272/275/278/281) are hereby *denied*.

**DONE AND ORDERED** in chambers this ninth day of April, 2007.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge