**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

DOROTHY BESSENT,

       Plaintiff,

vs.                   CASE NO.: 1:06-CV-008-SPM

NATIONAL HOUSING PARTNERSHIP, as
general partner of KENNEDY HOMES
LIMITED PARTNERSHIP, a Florida
partnership; NHP MANAGEMENT, INC., a
foreign corporation; and APARTMENT INVEST-
MENT AND MANAGEMENT COMPANY, a
foreign corporation,

       Defendants.

_____/

**<u>ORDER DISMISSING PLAINTIFF'S CLAIM</u>**

    **THIS CAUSE** comes before the Court upon Defendants' "Motion to

Dismiss Claim of Dorothy Bessent and Memorandum of Law"" (doc. 194).  On

November 13, 2006, Defendants filed a "Suggestion of Death" (doc. 46).  On

March 16, 2007, 123 days later, Defendants filed the instant motion to dismiss

with prejudice because Plaintiffs counsel had not substituted a party or moved for

an extension of time to do so, in accordance with Federal Civil Procedure Rule

25(a)[1].  Instead of a motion to substitute parties or for an extension of time to do

_____

    [1]  "If a party dies and the claim is not extinguished, the court may order
substitution of the proper party. A motion for substitution may be made by any party or
by the decedent's successor or representative. If the motion is not made within 90 days
after service of a statement noting the death, the action by or against the decedent may
be dismissed."  Fed. R. Civ. P. 25(a)(1).

so, Bessent's counsel filed a notice of voluntary dismissal requesting that the Court dismiss the claim without prejudice.

The issue before this Court is whether the failure to file a motion to substitute within ninety days from the filing of a Suggestion of Death requires a dismissal of the claim with prejudice or without prejudice.  In <u>Anderson v. Yungkau</u>, the Supreme Court interpreted Rule 25(a) as analogous to a statute of limitations, a rule to "close the door–finally, not qualifiedly or conditionally." 329 U.S. 482, 485 (1947)(superceded by 1963 Amendments to the Federal Rules of Civil Procedure, but only as related to the rigidity of the application of Rule 25– not as to the function served by a dismissal).  Similarly, the District of Columbia Court of Appeals held that "[a] dismissal for failure to substitute should do more than merely require a plaintiff to seek a new place on the trial calendar; it should put an end to the litigation for all time."  <u>Eastern Credit Ass'n. v. Estate of Braxton</u>, 215 A.2d 485, 487 (D.C. 1965).  Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' motion to dismiss Bessent's claim with prejudice (doc. 194)is hereby granted.  This case is hereby dismissed with prejudice.

**DONE AND ORDERED** this <u>eleventh</u> day of January, 2008.


_s/ Stephan P. Mickle_

Stephan P. Mickle
United States District Judge