IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DOROTHY BESSENT,

    Plaintiff,

vs.                                  CASE NO.: 1:06-CV-008-SPM

NATIONAL HOUSING PARTNERSHIP, as
general partner of KENNEDY HOMES
LIMITED PARTNERSHIP, a Florida
partnership; NHP MANAGEMENT, INC., a
foreign corporation; and APARTMENT INVEST-
MENT AND MANAGEMENT COMPANY, a
foreign corporation,

    Defendants.
_____/

**AMENDED ORDER DISMISSING PLAINTIFF'S CLAIM**
(removing reference to the entire case being dismissed)

**THIS CAUSE** comes before the Court upon Defendants' "Motion to Dismiss Claim of Dorothy Bessent and Memorandum of Law"" (doc. 194).  On November 13, 2006, Defendants filed a "Suggestion of Death" (doc. 46).  On March 16, 2007, 123 days later, Defendants filed the instant motion to dismiss with prejudice because Plaintiffs counsel had not substituted a party or moved for an extension of time to do so, in accordance with Federal Civil Procedure Rule 25(a)[1].  Instead of a motion to substitute parties or for an extension of time to do

---

[1] "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent may be dismissed."  Fed. R. Civ. P. 25(a)(1).

so, Bessent's counsel filed a notice of voluntary dismissal requesting that the Court dismiss the claim without prejudice.

The issue before this Court is whether the failure to file a motion to substitute within ninety days from the filing of a Suggestion of Death requires a dismissal of the claim with prejudice or without prejudice.  In Anderson v. Yungkau, the Supreme Court interpreted Rule 25(a) as analogous to a statute of limitations, a rule to "close the door–finally, not qualifiedly or conditionally." 329 U.S. 482, 485 (1947)(superceded by 1963 Amendments to the Federal Rules of Civil Procedure, but only as related to the rigidity of the application of Rule 25– not as to the function served by a dismissal).  Similarly, the District of Columbia Court of Appeals held that "[a] dismissal for failure to substitute should do more than merely require a plaintiff to seek a new place on the trial calendar; it should put an end to the litigation for all time."  Eastern Credit Ass'n. v. Estate of Braxton, 215 A.2d 485, 487 (D.C. 1965).  Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' motion to dismiss Bessent's claim with prejudice (doc. 194) is hereby *granted*.

**DONE AND ORDERED** this fourteenth day of January, 2008.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge