IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ALENE HENRY, et al,

    Plaintiff,

vs.                                      CASE NO. 1:06cv08-SPM/AK

NATIONAL HOUSING PARTNERSHIP,,

    Defendants.

_____/

## O R D E R

Presently before the Court is Plaintiffs' Motion to Compel Documents Responsive to Plaintiffs' Fourth Request for Production and Payment of Expenses. (Doc. 421). Also, before the Court is Defendants' Motion for Reconsideration. (Doc. 427). Having considered said motions, the Court is of the opinion that Plaintiffs' Motion to Compel (doc. 421) should be **GRANTED IN PART AND DENIED IN PART**, and Defendants' Motion for Reconsideration (doc. 427) should be **GRANTED**.

### Motion to Compel

At issue are four requests for documents made in Plaintiff's Fourth Request for Documents, to which Defendants have raised objections.

**Request No. 6**: All documents submitted to HUD regarding the investigation of housing discrimination complaints filed by any former Kennedy Homes tenants between 1999-2003.

**Defendants Objection**: overly broad, burdensome, not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs claim that these documents would be relevant to the claims of housing discrimination raised in the present complaint, but Defendants argue that the cases filed administratively with HUD, which include most of the current plaintiffs, were settled or dismissed.  Insofar as those cases may involve the current Plaintiffs, Defendants contend that Plaintiffs already have these documents.  As to other persons, not involved in the present lawsuit, Defendants argue that these documents are not relevant and the request is not specific enough.

**Granted**.  Plaintiffs allege in their Third Amended Complaint that Defendant AIMCO discriminated against the African-American tenants at Kennedy Homes by failing to abide by the terms of the agreements for maintaining and repairing the property.  Other complaints by tenants at Kennedy Homes may be relevant or may lead to relevant evidence of this discrimination.  While Defendants have asserted that this request is burdensome, they have provided no factual basis for this assertion, and without more information it seems unlikely that there could be an overwhelming number of such complaints from one complex during a four year period as to make this request unduly burdensome.  However, insofar as Plaintiffs seek documentation of their own such complaints, the request is duplicative.  Thus, Defendants shall produce documents responsive to this request only as to persons not presently Plaintiffs in this lawsuit.

**No. 1:06cv08-spm/ak**

**Request No. 15:** The accounts payable journal reflecting the payment to all vendors and contractors in the year 2003.

**Defendants' Objection:** overly broad, burdensome, not reasonably calculated to lead to the discovery of admissible evidence.  This request does not specify whether it seeks information only about Kennedy Homes tenants, or whether it seeks information about every tenant of every facility managed by Defendants.

Without waiving said objection, previously provided with respect to Kennedy Homes.

Plaintiffs contend they did not get the information regarding Kennedy Homes, and Defendants refer Plaintiffs to a spreadsheet previously produced showing vendor payments regarding Kennedy Homes over a multiple year period including 2003.  Since Plaintiffs have not filed a rebuttal to this contention by the Defendants, the Court will accept the representation made in Defendants' response that the information has been previously provided.  Insofar as the request concerns vendor payments other than for Kennedy Homes, there is no argument made by Plaintiffs for a broader construction of this request, and the Court will assume that the request was narrowed, upon reflection or by agreement, to concern only Kennedy Homes.

**Denied.**  Moot.

**Request No. 16:** All e-mails, memos, and correspondence between any of the Defendants and Community Housing Partners regarding the sale of Kennedy Homes in the years 2002 and 2003.

**No. 1:06cv08-spm/ak**

**Defendants' Objection:** overly broad, burdensome, not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff argues that the potential sale of Kennedy Homes affected AIMCO's decision to make repairs there, as reflected in statements made by AIMCO's executive, Lance Graber, at a meeting with the City of Gainesville.

Defendants argue that Graber has been quoted out of context, and that the meeting where Graber spoke was held after the fire in October 2003, and concerned repairs relative to that fire, not routine maintenance.

**Denied.**  The Court has read the Third Amended Complaint (doc. 363) and the entire transcript of the meeting (doc. 443, Exhibit C) and finds that the issue of maintenance, as asserted in the pleading, concerns general, routine maintenance that according to Plaintiffs was done by the Defendants in a discriminatory fashion resulting in the premises being unsafe and ultimately uninhabitable.  The discussion by Graber concerned post-fire repair and getting the property up to HUD specifications so that the tenants could return to the complex.  As the Court understands Plaintiffs' claims, the post-fire repairs are not at issue.  Thus, if the sole basis for Plaintiffs' argument that the pending sale affected AIMCO's willingness to maintain the property is founded on Graber's statements, then their argument is not well founded.  If there are other reasons for needing these sale documents, Plaintiffs have not made this clear, and it is not readily apparent to the Court.

**No. 1:06cv08-spm/ak**

**Request No. 17:** All e-mails, memos, and correspondence between any of the Defendants and the City of Gainesville regarding the sale of Kennedy Homes in the years 2003 and 2004.

**Defendants' Objection:** overly broad, burdensome, not reasonably calculated to lead to the discovery of admissible evidence.

**Denied.** Moot. Although both parties argue the relevancy of these materials, Defendants have responded that there are no documents responsive to this request.

<u>Motion for Reconsideration</u>

Defendants seek reconsideration of the Court's previous ruling in an Order entered on January 23, 2008 (doc. 420), concerning Request Nos. 8 and 9, which asked for the identity of the limited partners in Kennedy Homes Limited Partnership and National Housing Partnership. Defendants contend that because the limited partners have no authority or responsibility over any of the management or operations of the two partnerships and are not personally liable for any obligations of either of the two partnerships, their identities are not relevant to this cause.

The Court has considered the briefing provided by the Defendants on this issue and reconsidered the arguments raised by Plaintiffs in seeking this information initially, which was based on their need to understand the corporate and agency relationships of the defendants. (See Doc. 394, p. 9). Defendants represent that they have provided the partnership agreements which detail these relationships and structures and which show no individual liability with respect to any of the partners. Therefore, upon

**No. 1:06cv08-spm/ak**

reconsideration, the Court finds that the identity of these persons is not relevant, and that portion of the Order requiring the identity of these partners is **VACATED**.

Accordingly, it is

**ORDERED:**

1. Plaintiff's Motion to Compel (doc. 421) is **GRANTED**, as to Request No. 6, and Defendants shall produce documents responsive to this request, as limited above, within fourteen days of this date. The motion is **DENIED** in all other respects.

2. Defendants' Motion for Reconsideration (doc. 427 ) is **GRANTED**, and that portion of the Court's previous Order (doc. 420, ¶1) that required the identity of limited partners as requested in Nos. 8 and 9 of Plaintiffs' Third Request for Production is **VACATED**.

**DONE AND ORDERED** this  *19th* day of March, 2008.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**No. 1:06cv08-spm/ak**