**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

DOROTHY BESSENT,

      Plaintiff,

vs.                                    CASE NO.: 1:06-CV-008-SPM

NATIONAL HOUSING PARTNERSHIP, as
general partner of KENNEDY HOMES
LIMITED PARTNERSHIP, a Florida
partnership; NHP MANAGEMENT, INC., a
foreign corporation; and APARTMENT INVEST-
MENT AND MANAGEMENT COMPANY, a
foreign corporation,

      Defendants.

_____/

**ORDER GRANTING MOTION FOR RECONSIDERATION**

    **THIS CAUSE** comes before the Court upon Plaintiff's Motion for

Reconsideration (doc. 423) and the Defendants' response (doc. 445).  The issue

here is whether the failure to file a motion to substitute within 90 days from the

Suggestion of Death requires a dismissal of the claim with prejudice or without.

    As an initial matter, Defendant states that Plaintiff's Motion for

Reconsideration should be interpreted as a motion for relief from judgment

pursuant to Federal Civil Procedure Rule 60(b) as opposed to a motion to amend

the Court's judgment pursuant to Federal Civil Procedure Rule 59(e).  Defendant

states that because Plaintiff's motion for reconsideration was filed more than ten

days after this Court's dismissal of the claim, the motion is properly considered

as a Rule 60 relief from judgment motion.

Federal Civil Procedure Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment."  Plaintiff's Motion for Reconsideration does not state whether it is filed pursuant to Rule 59 or Rule 60.  In fact, the motion does not refer to any Civil Procedure Rule.  However, the timing of the filing is instructive.  This Court's order dismissing Plaintiff's claim was issued on January 14, 2008.  Plaintiff's Motion for Reconsideration (doc. 423) was filed on February 1, 2008, seventeen (17) days after this Court's order was issued.  Because the motion for reconsideration was filed more than ten days after the order was issued and because Plaintiff has not specifically stated what subsection of Rule 60 entitles her to relief, this Court will construe the motion for reconsideration as a motion for relief from an order pursuant to Federal Civil Procedure Rule 60(b). Glick v. White Motor Co., 458 F.2d 1287, 1293 (3d Cir. 1972) (affirming a ruling by the District Court construing a Rule 59(e) motion as a Rule 60 motion); Mishkin v. Gurian (In re Adler), 2008 U.S. Dist. LEXIS 18552, 2-3 (D. Fla. 2008) ("A motion for reconsideration with respect to a final judgment shall be construed as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) if it is filed no later than ten days after the entry of the judgment; otherwise, it would fall within Rule 60(b), which provides relief from a judgment or order.")

Rule 60(b) states that

the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Motions to reconsider under Rule 60(b)(6) are granted sparingly. Relief under [Rule 60(b)(6)] is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances. Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984). Rule 60(b)(6) motions must show "that the circumstances are sufficiently extraordinary to warrant relief." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1317 (11th Cir. 2000).

Turning now to the issue of whether dismissal with prejudice is required for failure to file a motion to substantiate parties within 90 days of a Suggestion of Death, Federal Civil Procedure Rule 25 (a)(1) states that

if a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent may be dismissed.

This is a flexible rule, and the dismissal of the action resulting from an untimely motion for substitution is within the discretion of the court. The case that this court previously relied upon, Anderson v. Yungkau, concerned a prior version of

3

Rule 25.  329 U.S. 482 (1947).  In <u>Anderson</u>, the Court construed  a very strict two-year time limit on Rule 25 motions for substitution.  <u>Id.</u>  Since then, the rule has been amended and several federal appellate courts have followed a more liberal application of Rule 25.  <u>Al-Jundi v. Rockefeller</u>, 88 F.R.D. 244, 247 (W.D.N.Y. 1980) ("It has been repeatedly stated and held that the reason rule 25(a) was amended to its current  form in 1963 was to avoid the harsh and unfair results that the former inflexible version of rule 25 occasionally mandated."), <u>Roscoe v. Roscoe</u>, 379 F.2d 94, 99 (D.C. Cir. 1967), <u>Staggers v. Otto Gerdau Company</u>, 359 F.2d 292, 296 (2d Cir. 1966), <u>Rende v. Kay</u>, 415 F.2d 983 (D.C. Cir. 1969), Fed. R. Civ. P. 6, 25 advisory committee's notes.  Plaintiff argues that these changes instruct a more liberal substitutions of representatives, long after the death of the party.  This Court agrees.

Having considered Plaintiff's additional arguments, the Court finds sufficient basis upon which to reverse its ruling that Plaintiff's case should be dismissed with prejudice.  This Rule amendment and recent case law expanding the application of Rule 25 justifies relief.  The possibility of a dismissal with prejudice is an exceptional circumstance that warrants Rule 60(b) relief.  Furthermore, in light of the appointment of a personal representative for Plaintiff Dorothy Bessent, and seeing that Defendant will not be unduly prejudiced by this action, this Court will allow for the belated substitution of this representative for Plaintiff Bessent in this case.  Accordingly, it is

4

**ORDERED AND ADJUDGED** as follows:

1.    The Motion for Reconsideration (doc. 423) is hereby *granted*.

2.    This Court's prior order (doc. 408) is *vacated*.

3.    Plaintiff Dorothy Bessent shall file a Motion to Substitute Party on or

before **April 25, 2008.**

4.    If no Motion to Substitute Party is filed, then this case shall be

*dismissed without prejudice*.

5.    Plaintiff's Amended Motion to Relinquish Jurisdiction (doc. 437)  is

hereby denied as moot.

**DONE AND ORDERED** this <u>eleventh</u> day of April, 2008.


_s/ Stephan P. Mickle_

Stephan P. Mickle
United States District Judge