IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ALENE HENRY, *et al.*,

    Plaintiffs,

vs.                                  Case No. 1:06-CV-00008-SPM/AK

NATIONAL HOUSING PARTNERSHIP,
as general partner of KENNEDY HOMES
LIMITED PARTNERHSIP, *et al.*,

    Defendants.
_____/

**OMNIBUS[1] ORDER DENYING MOTION TO DISMISS AND
MOTION TO STRIKE**

THIS CAUSE comes before the Court upon Defendants' Omnibus Motion to Dismiss Plaintiffs'[2] Counts for Intentional Infliction of Emotional Distress and Motion to Strike Irrelevant and Impertinent Matters ("renewed motion") (doc. 393), as well as the response thereto (doc. 397.). Both parties filed memoranda

---

[1] *See* Omnibus Order Denying Mot. To Dismiss (doc. 290) n. 1.

[2] Several named plaintiffs have terminated their actions since the motion was filed. The remaining plaintiffs at issue here are as follows (the docket number of the corresponding last amended complaint for each plaintiff, followed by a 2 if it was a second amended complaint and a 3 if it was a third amended complaint, is noted in parenthesis): Roberta Buggs (326-6/3), Gloria Davis (327-2/3), Don Carlos Demps (327-10/3), Keira Frisbey (328-6/2), Betty Hall (329-2/3), Alene Henry (363/3), Sandra Johnson (329-10/3), Olivia Jones (330-6/2), Miltonia Moore (331-6/2), Andrew Payne (332-6/2), Charles Strange (333-2/3), Carla Walker (333-6/3), and Tracy Woods (334-6/3).

of law in accordance with the local rules. See N.D. Fla. Loc. R. 7.1(A). For the reasons set out below, the Court denies Defendants' renewed motion.

**I. Introduction**

On March 20, 2007 Defendants first filed motions to dismiss Plaintiffs' counts of intentional infliction of emotional distress ("Count V"). The Court denied these motions on April 9, 2007. See Omnibus Order Denying Motions to Dismiss (doc. 290). Plaintiffs filed amended complaints on November 29, 2007. These amendments were made pursuant to leave granted by the Court. See Order Granting Motion to Amended Complaint (doc. 362). Defendants answered Counts I-IV of Plaintiffs' amended complaints on December 9, 2007 and filed the renewed motion on December 10, 2007.

**II. Legal Standard - Motion to Dismiss**

The standard by which a court should judge a motion to dismiss was modified in Bell Atlantic Corp., et al. v. Twombly, __U.S.__,127 S.Ct. 1955, 1964-65 (2007), holding:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations. . . [f]actual allegations must be enough to raise a right to relief above the speculative level. . . . (internal citations omitted).

In doing so, the Court emphasized that it was not requiring a fact pleading of

specifics, but only enough facts to show that claim to relief is plausible. Id. at 1974.

The Twombly Court expressly abandoned a literal reading of the "no set of facts" language announced in Conley v. Gibson. Id. at 1969. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). But it did so preserving much of the liberality of the pleading standard. The notion that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely" survived although the specific language used in Conley did not. Twombly, 127 S.Ct. at 1965. (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Also still relevant is the proposition that for the purposes of the motion to dismiss that the complaint is construed in the light most favorable to the plaintiff and that all doubts and inferences should be resolved in the pleader's favor. Wright & Miller, Federal Practice and Procedure: Civil 3d § 1357.

**III. Analysis - Motion to Dismiss**

The amendments to the several complaints addressed in this motion only added punitive damages to the prayer for relief (doc. 362). As such, the amendments have no bearing on the substantive issues. Defendants' main contention on renewing their motion is that this Court must reconsider its

previous order to give "proper deference to Florida authority." Florida authority does not give sufficient guidance on this point to rule in their favor.

Defendants rely on <u>Clemente v. Horne</u>, 707 So. 2d 865 (Fla. DCA 1998). <u>Clemente</u> deals with a constructive eviction. This is not an analogous situation to the one described in the Plaintiffs' amended complaints. Nor are the circumstances in <u>Kingston Square Tenants Assoc. v. Tuskegee Gardens, Ltd.</u>, 792 F.Supp. 1566 (S.D. Fla. 1992) directly on point with those in this case. <u>Kingston</u> was decided against a much different procedural backdrop than the one present in this action <u>Id.</u> at 1570. Moreover, there was no forced relocation of the tenants, and other factual asymmetries exist between that case and the instant action. Finally, the decision reached in <u>Livingston v. H.I. Family Suites, Inc.</u>, No. 6:05-CV-860 2005 WL 2077315 (M.D. Fla. August 29, 2005) has little bearing on the matter under consideration. <u>Livingston</u> concerned injuries suffered by plaintiff after a three day stay at hotel that had an insect infestation. <u>Id.</u> at. *1. The Plaintiffs' amended complaints allege facts that concern their homes, not hotel rooms that could be left behind easily.

With Florida law insufficient to aid in a determination on its own, the Court has examined cases from other jurisdictions which, like Florida, have adopted

the Second Restatement of Torts for persuasive authority.[3] Based on the available authority and considering the low standard of a motion to dismiss, even as reformed under Twombly, the Court finds that dismissal of Count V is not appropriate in the cases under consideration.

### IV. Legal Standard - Motion to Strike

The motion to strike portions of the complaints is brought under Rule 12(f) of the Federal Rules of Civil Procedure. Such portions must be "immaterial, impertinent, or scandalous." Fed R. Civ. P. 12(f). This standard has been interpreted to mean that a motion to strike should be denied unless the challenged allegations in the complaint "have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Royal Ins. Co. of America v. M/Y Anastasia, 1997 WL 608722 at *3 (N.D. Fla. 1997)(citing Reyher v. Trans World Airlines, Inc., 881 F.Supp. 574, 576 (M.D.Fla. 1995)).

### V. Analysis - Motion to Strike

The allegations in each amended complaint that refer to problems in other tenants' apartments are relevant to show an alleged pattern of disregard for the tenants' repair needs after being put on notice that multiple apartments suffered similar problems (vermin infestation, sparking outlets, gas leaks, bursting water

---

[3] *See* doc. 290.

Case 1:06-CV-00008-SPM-AK

heaters). Each complainant is pursuing a suit only in his or her own name and is not, by mentioning another tenant's name in the complaint, attempting to lodge a claim on behalf of that other tenant. No confusion or prejudice will be caused by the portions objected to by Defendants. Accordingly, it is

**ORDERED AND ADJUDGED** that the motion to dismiss and strike (doc. 393) are hereby *denied*.

**DONE AND ORDERED** this thirtieth of May, 2008.


_s/ Stephan P. Mickle_
Stephan P. Mickle
United States District Judge