IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ALENE HENRY, et al,

    Plaintiffs,

vs.                                                              CASE NO. 1:06CV08-SPM/AK

NATIONAL HOUSING
PARTNERSHIP, et al,

    Defendants.

_____/

**O R D E R**

Presently before the Court in the above entitled action is Plaintiffs' Motion for Reconsideration of March 19 Order (doc. 484) and the response (doc. 510) and reply (doc. 522) submitted in conjunction with this motion.  Having considered said motion, (doc. 484), the Court is of the opinion that it should be **GRANTED,** insofar as the Court has reconsidered the issues and finds as follows.

At issue in the March 19 Order (doc. 465) are two rulings: (1) that Plaintiffs were not entitled to "[a]ll emails, memos, and correspondence between any of the Defendants and Community Housing Partners (CHP) regarding the sale of Kennedy Homes in the years 2002 and 2003;" and (2) that Plaintiffs were not entitled to the identity of the limited partners in Kennedy Homes Limited Partnership (KHLP) and National Housing Partnership (NHP).

Plaintiffs move for reconsideration of the Court's rulings under Rule 60(b), which provides that the Court may relieve a party from an order for such reasons as mistake, inadvertence, newly discovered evidence, fraud, or "any other reason that justifies relief." (Doc. 484).

Defendants argue in opposition that Plaintiffs are employing Rule 60(b) improperly and are requesting that the Court "rethink" what it has already thought through and decided.  See Z.K. Marine Inc. v. M/V Achigetis, 808 F.Supp. 1561, 1563 (S.D. Fla. 1992) (improper to use Rule 60(b) for this purpose).  (Doc. 510).

The Court first ruled on the issue of the names of the limited partners in an Order entered on January 23, 2008, and held that the names should be revealed because Defendants had objected to production of the names on grounds that they were confidential without providing any support for their objection. (Doc. 420, p.3).  When Defendants moved for reconsideration of the January 23 Order (doc. 427), they briefed the confidentiality issue, but Plaintiffs' response (doc. 442) was never referred by the Clerks Office to the undersigned for consideration.  It was improperly referred to the district judge.  (See text entry for 2/15/008).  In a case now comprising nearly 600 docket entries it is not surprising that the filing would be overlooked or improperly referenced.  Nonetheless, when the undersigned ruled on the motion for reconsideration in its March 19 Order (doc. 465), Plaintiffs' arguments in favor of identifying the limited partners were not considered.  Therefore, the Court finds that a basis for reconsideration, particularly on the limited partners issue, has been established.  There will, however, be no further consideration of either issue by the undersigned after entry

**No. 1:06cv08-SPM/AK**

of this order  Any further consideration must be presented by appeal to the district judge under Rule 72, Federal Rules of Civil Procedure.

a) <u>Sale Information</u>

Plaintiffs seek information about the potential sale of Kennedy Homes to Community Housing Partners to support their contention that the pending sale affected the Defendants' decision not to make post-fire repairs and ultimately their decision to close Kennedy Homes.  The Court initially found that these issues were not relevant to any of the claims raised in the third amended complaint and sustained Defendants' objection to producing this material.

Plaintiffs moved for reconsideration of this ruling on grounds that this information is "crucial" to the Fair Housing Act claim, claims based on Breach of the Use Agreement, and the Intentional Infliction of Emotional Distress claims, and presumably the Court was mistaken in finding that the information was not relevant.

In response to the motion for reconsideration, Defendants contend (and Plaintiffs agree in their reply) that all documents concerning the sale have now been produced or are otherwise in Plaintiffs' possession.  Defendants assert that they have no other documents about the sale.  Defendants also assert (and Plaintiffs agree) that the facts upon which the need for this information were premised were faulty, i.e. that the sale of Kennedy Homes did not fall apart shortly after the October 2003 fire and the closure of Kennedy Homes in December 2003, but negotiations for the sale continued until mid-2004.  While Plaintiffs concede that they no longer need the documents, they take issue with the undersigned's ruling in the March 19 Order that post-fire repairs are not relevant to the claims raised in the third amended complaint.

**No. 1:06cv08-SPM/AK**

In its March 19 Order, the undersigned did not purport to make a relevancy ruling beyond the purposes necessary to determine the discovery issues before it, which have now been rendered moot by the fact that the documents have already been produced and no other documents relative to the sale issue are in Defendants' possession.  It is still not clear to the undersigned from a reading of the third amended complaint that the impact of the pending sale on the decision to repair and maintain this complex after the 2003 fire is relevant, but the sufficiency of Plaintiffs' claims are not before the undersigned.   The undersigned has also read the decision by Judge Mickle referencing the relevancy determination made in the March 19 Order and finds that there were sufficient other grounds to grant Defendants' motion for protective order regarding insurance information to support his decision without reliance on the issue of post-fire repairs or documents concerning the sale.  In other words, there is no need to modify, vacate or otherwise reconsider the March 19 Order on this basis.

b)      <u>Identify of Limited Partners</u>

Plaintiffs contend that they need to establish that AIMCO is liable for acts committed by Kennedy Homes and National Housing by showing that the entities (Kennedy Homes, National Housing and AIMCO) are connected and have a principal-agent relationship.  The connection would be established presumably to the extent that the same individuals are limited and/or general partners or officers in all three entities.

Defendants argue that the limited partners in a partnership are not personally liable nor do they have any management or control of the partnership such that their identities are not relevant and are otherwise confidential.  (Docs. 427 and 510).

**No. 1:06cv08-SPM/AK**

Plaintiffs concede that personal liability of these individuals is not being sought, rather they are seeking to establish the liability of AIMCO for any alleged improper actions by KHLP and NHP by essentially "piercing the corporate veil" to reveal that the individuals comprising these entities are sufficiently connected as to imply agency among or between them.

Defendants' confidentiality argument is not well supported by the cases cited.  In Columbus-America Discovery Group v. Atlantic Mut. Ins. Co., 56 F.3d 556 (4th Cir. 1995), the court did not order the investors of an enterprise revealed during discovery because it found it unlikely that their identities would have produced relevant evidence. Id., at 573, n.22.  In other words, the court did not recognize confidentiality as a ground for denying the discovery of their identity, the ruling was based on relevancy.

Likewise, the Court of Appeals in Lozano v. Maryland Cas. Co., 850 F.2d 1470, 1474 (11th Cir. 1988), upheld the district court's decision to deny discovery of the identities of non-party investors because the district court was of the opinion that their names and investments should not be "spread around" absent some relevancy to the dispute at issue, citing Rule 26, Federal Rules of Civil Procedure Committee notes.

Plaintiffs argue that "[a]ny connection between AIMCO and KHLP and NHP's limited partners would help establish the principal-agent relationship."  (Doc. 484, p. 10). While the call is close, the Court is of the opinion that Plaintiffs have sufficiently stated a reason for the information such that it appears reasonably calculated to lead to the discovery of admissible evidence to support its contention that "AIMCO dominates and controls the actions of KHLP, NHP and NHPMN and that AIMCO is responsible for any

**No. 1:06cv08-SPM/AK**

and all actions of KHLP, NHP and NHPMN complained of herein." (See Third Amended Complaint, Doc. 363, ¶15).

Principal-agent relationships may be proved by the facts, either direct or circumstantial, and is a question for the jury. McCabe v. Howard, 281 So. 2d 362 (Fla. App. 1973). The party who seeks to establish the existence of such a relationship carries the burden of proof. Chase Manhattan Morg. Corp v. Scott, Royce, Harris, Bryan, Barra, 694 So. 2d 827, 832 ( Fla. App. 4 dist. 1997). Mere speculation of a principal-agent relationship is insufficient to create an issue of fact to present to a jury, there must be some affirmative evidence of ownership, operation or control by the principal over the agent. Vermeulen v. Worldwide Holidays, Inc., 922 So.2d 271, 274-275 (Fla. App. 3 Dist. 2006). With this burden in mind, the Court finds that the identity of these persons is relevant within the meaning of Rule 26, Federal Rules of Civil Procedure, and that the argument against their identification based on confidentiality is not supported by the law.

Accordingly, it is

**ORDERED:**

Plaintiff's Motion for Reconsideration (doc. 484) is **GRANTED,** insofar as the Court has reconsidered its previous Order and finds that the Order (doc. 465) should be **VACATED**, as to the directives set forth in ¶2 of that Order.

Defendant shall on or before **June 13, 2008**, fully respond to Plaintiffs' Third Request for Production Nos. 8 and 9, insofar as they have not already provided

**No. 1:06cv08-SPM/AK**

documents responsive thereto, and provide the names of the individuals sought therein (the general and limited partners, "officers and directors" of KHLP and NHP).

**DONE AND ORDERED** this  **6th** day of June, 2008.

        *s/ A. KORNBLUM*
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**