**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**


**ALENE HENRY, et al,**

      **Plaintiff,**

**vs.**                                    **CASE NO. 1:06CV8-SPM/AK**

**NATIONAL HOUSING
PARTNERSHIP, et al,**

      **Defendants.**

_____/


### O R D E R

Presently before the Court in the above entitled action is Plaintiff's Motion to Compel Answers to Eighth Request for Production.  (Doc. 479).  Also, before the Court is Defendant's Motion for Sanctions Regarding the Eighth Request for Production (doc. 461), and Defendants' Motion for Leave to File a Reply in connection with the motion for sanctions.  (Doc. 477).  Having considered said motions, the Court is of the opinion that the motion to compel (doc. 479) should be **GRANTED IN PART AND DENIED IN PART**, that the motion for sanctions (doc. 461) should be **GRANTED IN PART**, and the motion to file a reply (doc. 477) should be **DENIED**.

<u>Motion to Compel</u>

With only a few exceptions, discussed below, the crux of Plaintiffs Eighth Request for Production are copies of forms used for Kennedy Homes from 1999 to 2003, which Plaintiffs contend establish the agency relationship between AIMCO and

NHLP, KHLP, and NHPMN.  Without addressing each request, the Court will, as an example, mention Request No. 29: Snow & Ice Removal Log.  There is no issue about snow or ice removal in this lawsuit, the housing complex at issue is located in North Central Florida, and even if Plaintiff needed to show that such logs were prepared by AIMCO for use by any of the other defendants how could any of the information on the actual forms lead to any admissible evidence?  Likewise with requests for the petty cash log or key sign in log or emergency response equipment log or employee drug testing forms or freon recovery policy statements.  The information Plaintiff seeks for the purpose asserted, *i.e.* to show agency, would best be ascertained from a few interrogatories or deposition testimony without the necessity of producing (or sorting through for that matter) hundreds of the actual forms used which would contain information not remotely relevant to this case.  Indeed, Defendants have already responded to interrogatories and produced manuals concerning these general forms, policies and procedures.  (Doc. 517, p. 7).

Request Nos. 57, 59 and 60 (seeking forms entitled Notice that Tenancy has been Denied; Waiting List Letter; and Waiting List Refusal Letter) may have some relevancy to the discrimination claim, and the Court agrees that the information should be provided as to persons other than the current plaintiffs.

Request Nos. 112, 113, 114, 115, 116, 117, 118 could be relevant, but Plaintiffs make no argument for these particular documents, and therefore, the Court will not compel them to be produced.

**No. 1:06CV08-SPM/AK**

Defendant has responded to Nos. 121, 122, 123, 124, 126, 127, 128, 129, 130, 134, 135, and 136 that these type of maintenance forms were not "required to be used at Kennedy Homes."  The Court understands this response to mean that these forms do not exist because they were not used at Kennedy Homes.  If this understanding is incorrect, the Defendants shall produce documents responsive to these requests, which the Court finds are relevant, or clarify their response to explain why the documents cannot be produced.

Defendants have responded to Request Nos. 173 and 174 that they are "unable to determine" which documents were responsive to the requests.  Plaintiff's request was specific enough that Defendant should be able to determine what documents are referenced and either produce them or represent, after a thorough search, that the documents no longer exist.

Finally, Request No. 175 requests "[any] and all documents reflecting the entity that paid the following individuals' salaries, fringe benefits, withholding and FICA: [list of 20 individuals].  Defendants provided the dates of employment and the name of the specific employer for each person listed, but no documents reflecting their salary and other information were produced.  The Court agrees that the salary information is not relevant.

<u>Motion for Sanctions</u>

Defendants filed the motion for sanctions seeking fees and expenses for the discovery abuses they alleged they had endured in responding initially to the Eighth Request for Production of Documents.  Their motion was filed **prior** to the filing of

No. 1:06CV08-SPM/AK

Plaintiffs' motion to compel.  There have been so many discovery issues before the Court in this case, with some degree of blame on both parties for failing to fully cooperate with each other, that the Court was reluctant to grant sanctions against Plaintiffs for making their initial requests.  Parties, after all, frequently "test the waters" and request more than they expect to receive, but Plaintiffs had ample opportunity after the filing of Defendants' objections, and then their motion for sanctions, to reflect on the sensibility of their requests. Not only did they fail to acknowledge the irrelevancy of the forms sought, they pursued these senseless requests by filing a motion to compel.  This is at least inattention, and the costs for this should not be borne by the Defendants. While the Court is herein granting the motion to compel in part, it finds that parceling out the relevant from the irrelevant requests for purposes of assessing fees and expenses is unnecessary and time consuming for the parties and the Court.  Therefore,  the Court will allow Defendants to seek fees and expenses incurred in responding to the entire motion to compel, but not for responding to the initial requests.

<u>Motion to File Reply</u>

In deciding the issues before it, the Court does not find it necessary to correct any alleged "factual inaccuracies" put forth by the Plaintiffs in responding to the motion for sanctions, and has otherwise decided the issues without further input from the Defendants.  Therefore, the motion for leave to file a reply is **DENIED**.

Accordingly, it is

**ORDERED:**

**No. 1:06CV08-SPM/AK**

1.  Plaintiff's Motion to Compel (doc. 479) is **GRANTED IN PART**, as to Request Nos. 57, 59 and 60, and Defendants shall produce all documents not heretofore produced that are responsive to these requests.  The motion is also **GRANTED**, insofar as Defendants shall clarify their objections or produce documents responsive to Request Nos. 121-124, 126-130, 134-136, and either produce or explain that they do not have documents responsive to Request Nos. 173-174.  The motion is **DENIED** in all other respects.

2.  Defendant's Motion for Sanctions (doc. 461) is **GRANTED IN PART**, in that they may file within ten days of this date an Affidavit of Fees and Expenses associated with the Response to Plaintiffs' Motion to Compel.  Plaintiff may, within ten days of service of the Affidavit, respond thereto, if they object to the reasonableness of the fees and expenses sought.  The motion is **DENIED** in all other respects.

3.  Defendants' Motion for leave to reply in connection with the motion for sanctions (doc. 477) is **DENIED**.

**DONE AND ORDERED** this  _**14th**_  day of July, 2008.


_**s/ A. KORNBLUM**_
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


**No. 1:06CV08-SPM/AK**